PITTELKOW HEATING & ENGINEERING CO. *v.* DETROIT
ESTATES CORPORATION.

1. EQUITY—MORTGAGE BONDS—MECHANICS' LIENS—RECEIVERS—
PARTIES.
   Bondholder who intervened in suit to foreclose mechanic's lien
   on apartment house, incident to which receiver was appointed,
   has no legal or equitable grounds on which to base objection
   to action of circuit court in discharging receiver, where
   intervener's bonds have been called in for cancellation by
   trustee under bond issue, on payment of stipulated price, as
   provided for therein.

2. SAME—PARTIES—UNDISCLOSED PARTIES.
   Bondholder intervening in suit claiming to be acting not only
   on his own behalf but on behalf of other undisclosed bond-
   holders is treated as acting on his own behalf only.

3. SAME—APPEARANCE—RELIEF.
   Bondholders who did not enter appearance in suit and whose
   identity is undisclosed may not be granted relief, where no
   relief was granted to another bondholder appearing in his
   own behalf and claiming to also appear for them.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 7, 1931. (Docket No. 24, Cal-
endar No. 34,978.) Decided December 8, 1931.

Bill by Pittelkow Heating & Engineering Com-
pany, a Michigan corporation, against Detroit Es-
tates Corporation, a Michigan corporation, and
others to foreclose a mechanic's lien. Cross-bills
were filed by other lien claimants. Lewis M. Dickens,
trust mortgage bondholder, intervened. From order
discharging receiver, intervener appeals. Affirmed.

*Walter M. Nelson,* for appellant.

*Yerkes, Goddard, McClintock & Shreve,* for Fidelity Trust Company, receiver.

*Bulkley, Ledyard, Dickinson & Wright,* for Union Trust Company, trustee mortgagee.

*Sempliner, Dewey, Stanton & Bushnell,* for the Milton Strauss Corporation, Empire Construction Company, and C. M. H. Holding Company.

*Monaghan, Crowley, Reilley & Kellogg (Edward T. Kelley,* of counsel), for Banbrook-Gowan Company, Richmond Fireproof Door Company, and C. H. Patterson Company, lien claimants.

NORTH, J.   Incident to plaintiff's bill for the foreclosure of a mechanic's lien against an apartment building in the city of Detroit in process of construction, title to which was in the Detroit Estates Corporation, the defendant Fidelity Trust Company was appointed receiver.   The defendant Union Trust Company was serving as trustee under a first mortgage bond issue in the sum of $650,000 given in December, 1926, covering this apartment property. The Milton Strauss Corporation was the underwriter and acting broker of the proposed bond issue. Substantially $350,000 of the bond issue was sold to the public.   The Michigan State securities commission authorized the sale of these bonds upon the representation that the proceeds were to be used in the construction of a theatre, store, and apartment building at a cost of $850,000.   A construction contract was entered into with the Empire Construction Company in April, 1927.   Except as otherwise hereinafter indicated, the other defendants are subcontractors seeking by way of cross-bills to foreclose mechanics' liens.

By the time the building was substantially 50 per cent. completed, the affairs of the Detroit Estates Corporation had become badly entangled, and inability to market .the balance of the bond issue resulted in suspension of construction operations. For months efforts were made by those interested in one way or another to refinance the project. This finally resulted in a tentative arrangement by which many of the bondholders agreed to surrender their holdings and in lieu thereof take stock in the Andrew C. Sisman Company, a corporation, which undertook to complete the construction of the building on condition that it should have power to obtain the necessary funds therefor and that this amount should be a first lien upon the property.

Appellant, being the owner of two of the first mortgage bonds, amounting to $200, issued by the Detroit Estates Corporation, petitioned to intervene in the cause in December, 1928. Permission was granted, and by cross-bill he attacked practically all of the transactions to which reference has been made hereinbefore, alleging that each of them was conceived and executed, so far as they were executed, with the intent and purpose of defrauding the bondholders. Perpetration of this fraud is not only charged to those who originally incorporated the Detroit Estates Corporation, to the trustee under the bond mortgage, to the Milton Strauss Corporation, to the Andrew C. Sisman Company, but also to the contractor and subcontractors having part in the construction of the apartment. By way of relief, the intervener asked that the Union Trust Company be removed as trustee, that a receiver be appointed of the Detroit Estates Corporation and directed to sell its property and assets, that receivers be appointed of various other defendants, that the subcontractors,

laborers, and materialmen and all others be prohibited from proceeding with the construction of the building upon a plan calling for construction at an alleged cost of $550,000 instead of $850,000, and for sundry other relief.

It fairly appears from the record that early in October, 1929, the parties who had undertaken to refinance this enterprise had completed the arrangement of the details. As a part of this plan it was necessary that the receiver should be discharged. On October 10, 1929, a petition was filed by the plaintiff in the principal case wherein the receiver was appointed and also by the receiver for a hearing on the final account and a discharge of the receiver. Upon application to the circuit court, hearing was set for October 12, 1929, and at that time the receiver was discharged. Thereupon the Detroit Estates Corporation quitclaimed title in this property to the Andrew C. Sisman Company, and the Union Trust Company discharged the trust mortgage. Intervener's counsel, with the knowledge of the trial court, was absent from the jurisdiction of the court at the time the application for a discharge of the receiver was made and until after the order discharging him was entered. Appellant, claiming that the order of October 12, 1929, discharging the receiver, was consummated in fraud of his rights, moved the circuit court to set it aside. This motion was denied on January 25, 1930. For reasons not here important, this order of January 25th was set aside and re-entered February 13, 1930. Appellant's appeal followed.

By the terms of the bond purchased by appellant it is subject to call at $1.02 and accrued interest. The funds with which to redeem it and other outstanding bonds of like character are in the hands of

the trustee, and on the 7th day of December, 1929, a call for the surrender of these bonds under the terms hereof was published in the Detroit Free Press. It appears from the record that both appellant and his attorney have been advised that the money to which appellant is entitled under the terms of his bonds is waiting in the hands of the trustee to be paid to him upon surrender of such bonds. It is too clear for argument that the trustee has the right, as a matter of law, to have appellant's bonds surrendered and canceled in the manner above indicated. This being done, appellant will no longer be interested in the subject-matter of the suit in which he has intervened and incident to the prosecution of which the receiver was discharged. Therefore appellant has neither legal nor equitable grounds upon which to base an objection to the action of the circuit court in discharging the receiver.

While appellant alleges that in this proceeding he not only acts in his own behalf but in behalf of holders of other bonds amounting to $1,700, it does not appear who such other bondholders may be, nor is the authority for such action on the part of appellant made apparent. In any event, such other bondholders, not having entered an appearance, cannot be granted relief in the event none is obtained by appellant. On the record, appellant's intervention must be treated as one in his own behalf only. The orders of the circuit court from which this appeal was taken are affirmed, with costs to appellees.

Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred. Butzel, C. J., did not sit.